## MACK v. UNITED STATES.

No. 1291.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 9, 1952.

Decided Jan. 6, 1953.

568

Daniel James Mack, pro se.

Edward A. Beard, Asst. Corp. Counsel, Washington, D.C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, defendant below, was charged with failing to support his minor child. Prosecution was had in the Juvenile Court under Title 22, Section 903 of the District of Columbia Code. Trial was before the judge, without a jury, and resulted in a verdict of guilty. Based on this verdict, the court imposed a sentence of imprisonment but suspended the execution thereof upon condition that the defendant pay $10 per week for the support of the child.

The statement of proceedings and evidence shows that defendant and his wife had been separated, and prior to the birth of the child the defendant had been paying her $5 per week. After the birth of the child, several conferences were held with a social worker in the Juvenile Court to see if an amount could be agreed upon for the support of the minor child. It was defendant's contention that he could pay only $5 per week, while the wife contended he should pay $10 per week. Being unable to reach a satisfactory compromise, it was agreed by both parties that the matter be submitted to the judge for determination. Defendant testified as to his net monthly salary and his monthly expenses. Upon the evidence the court entered an order that defendant pay $20 every other week to support his minor child.

Defendant appealed on the ground that the amount awarded by the Juvenile Court was too high. However, both defendant and his wife agreed to have the court decide the matter. The order to pay $10 a week out of a monthly net income of $192 does not appear unreasonable nor does the record disclose any abuse of discretion.

Affirmed.